MELVIN A. BOYKIN & ELOISE BOYKIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boykin v. Commissioner
Docket No. 3673-78.
United States Tax Court
T.C. Memo 1982-558; 1982 Tax Ct. Memo LEXIS 192; 44 T.C.M. (CCH) 1223; T.C.M. (RIA) 82558; September 23, 1982. Melvin A. Boykin and Eloise Boykin, pro se. Thomas C. Boscarino, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the years 1974 and 1975 in the amounts of $618.56 and $1,855.28, respectively. The issues for our determination are (1) whether petitioners are entitled to deductions for interest expenses for 1974 and 1975 in excess of the amounts allowed by the respondent; (2) whether petitioners are entitled to deduct rental car and other miscellaneous business expenses for the taxable year 1974 beyond those allowed by the respondent; (3) whether petitioners properly claimed deductions for taxes paid in 1974 and 1975; (4) whether petitioners are entitled to a deduction for charitable contributions for 1975 beyond those allowed by respondent; (5) whether the petitioners are entitled to a theft loss deduction for the taxable year 1975; and (6) whether respondent properly adjusted the petitioners' medical expense deduction under section 213(a) [1] for the taxable year 1974. *194 This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.[2] The stipulation of facts and attached exhibits are incorporated herein by reference. Melvin A. Boykin and Eloise Boykin (hereinafter referred to as the petitioners) were husband and wife whose legal residence when the petition was filed was North Haven, Connecticut. Petitioners filed their Federal income tax returns for the taxable years 1974 and 1975 with the Andover Service Center, Andover, Massachusetts. Petitioners reported their income and deductions for the taxable years 1974 and 1975 on the basis of cash receipts and disbursements. Most of the issues herein involve substantiation of various deductions claimed by the petitioners. Respondent's deficiency determinations are presumed to be correct, and the petitioners have the burden of proving them wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [3] *195 Additionally, whether and to what extent deductions shall be allowed depends on legislative grace, and a deduction is allowed only when the taxpayer is able to point to an applicable statute and show he is within its terms. NewColonial Ice Co. v. Helvering,292 U.S. 435 (1934). Interest Expense - On their 1974 Federal income tax return, petitioners claimed $3,647.65 as an interest expense deduction, of which $2,013.14 was allowed. Respondent disputed the following interest expense items in 1974: Marlin Employees Credit Union
$121.00
Personal Loan
297.00
First New Haven Bank
575.58
98 Adeline
740.21
Petitioners claimed $6,041.86 as an interest expense deduction on their 1975 Federal income tax return. Respondent allowed only $233.29 of this amount, disputing the following items: Marlin Employees Credit Union
$ 196.50
Home Mortgage
2,120.22
People's Savings Bank
1,060.00
CSEA - Credit Union
497.64
First New Haven Bank
1,585.00
Second New Haven Bank
582.10
*196 With respect to payments made to the Marlin Employee's Credit Union, [4] the parties have stipulated that petitioners made payments totaling $99.28 in 1974 and $233.29 in 1975. No further substantiation was provided for these amounts. Because petitioners have not shown they were entitled to greater interest deductions under section 163(a) than allowed by respondent, we sustain respondent's determination on this issue. Welch v. Helvering,supra;Rule 142(a). Similarly, petitioners have not met their burden of proof regarding interest they claimed was paid to the First New Haven Bank in the amount of $575.58 in 1974 and $1,585 in 1975, [5] nor did they introduce any evidence to support their interest deductions in 1974 for the personal loan, and in 1975 for the CSEA - Credit Union and the Second New Haven Bank. We, therefore, sustain respondent's disallowance of these deductions. *197 The interest expense deduction for petitioners' "98 Adeline Street" property claimed on Schedule A of their 1974 Federal income tax form was characterized as a rental expense by respondent. The interest expense was thus allowed as a Schedule E expense. The final interest expense deductions at issue relate to the "57 Allendale Drive" residence. This property was owned by petitioners in 1974 and in 1975 until the time prior to March 8, 1975. The First New Haven National Bank (First Bank) held a first mortgage on this realty. Because of petitioner Melvin A. Boykin's (hereinafter referred to as Melvin) default under the mortgage agreement terms, First Bank foreclosed on its mortgage and became the legal record owner of the premises on or about March 8, 1975. Subsequently, on April 3, 1975, Melvin entered into an assignable agreement for sale of real estate with First Bank and agreed to purchase the residence for $41,000. On May 29, 1975, the property was conveyed to petitioner's assignee and father-in-law, Joseph Oliver (hereinafter referred to as Oliver). Oliver was legally responsible for all mortgage payments on the property. Petitioners were not the record owners of the *198 property at any time during 1975 following the March 8 foreclosure. In 1975, petitioners deducted $1,060 as interest paid to the People's Savings Bank. Although respondent did not concede that petitioners made the payment, the parties stipulated that this amount was actually a brokerage fee paid to the Vernon Realty company in connection with the foreclosure and sale of their "57 Allendale Drive" residence. Additionally, this amount was shown in the closing statement for the transaction to be a "buyers expense." [6]
Under section 263, brokerage fees are nondeductible capital expenditures because they are part of the cost of acquiring property. Section 1.263(a)-2(a), Income Tax Regs; Burman v. Commissioner,23 B.T.A. 639, 643 (1931). Thus, even if the brokerage fee had been petitioners' expense, it still would not be deductible as an interest expense or otherwise. Accordingly, respondent's position *199 is upheld. Petitioners deducted $2,120.22 as "home mortgage" interest paid in 1975 for their "57 Allendale Drive" residence. They did not document the amount of their interest payments, if any, made between January 1, 1975 and March 8, 1975 while they were record owners of the property. Although several items regarding the mortgage after March 8, 1975 were introduced into evidence, none of these documents indicated that the petitioners were in any way responsible for the property. [7]
*200 Respondent argues that petitioners are not entitled to the claimed deduction because they failed to substantiate their interest payments, and, alternatively, that because Oliver alone was obligated to pay the principal and interest due on the mortgage, petitioners are not entitled to deduct the interest expenses. Section 1.163-1(b), Income Tax Regs., states, in part, that "[i]nterest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner * * * may be deducted as interest on his indebtedness." [Emphasis supplied.] Thus, in order for their deduction to be allowed, petitioners must show they were the legal or equitable owners of the property in 1975. Baird v. Commissioner,68 T.C. 115, 123 (1977). Petitioners failed to substantiate payments made by them prior to March 8, 1975, while they were still record owners of the property and, therefore, cannot claim any interest deductions for this time period. Rule 142(a). Canceled checks indicating payments made after this date neither estimate amounts *201 representing payment of interest, nor show that petitioners rather than Oliver, were personally liable or were legal or equitable owners of the property. Furthermore, petitioners have stipulated that they were not record owners of the property between March 8 and December 31, 1975. Consequently, petitioners have failed to establish they are entitled to any deductions for interest expense on the "57 Allendale Drive" property for 1975. Rental Car Expense - Petitioners deducted $835.33 for rental car and other miscellaneous expenses incurred in 1974. Respondent disallowed $744.67 of this amount, arguing that these expenses were not substantiated and, alternatively, that the disallowed amount was a nondeductible commuting expense. The amount allowed by respondent represented unreimbursed mileage allowances for petitioners' business travel. [8] We find that the petitioners totally failed to substantiate business expenses beyond the amount allowed. [9]
*202 Taxes - Respondent disallowed $1,634.51 of petitioners' $2,162.26 deduction for taxes in 1974 and disallowed $2,175.15 of petitioners' claimed $2,700.27 deduction for taxes paid in 1975. Respondent disputed all or part of the following specific tax items claimed by petitioners in 1974 and 1975: 1974
1975
General sales tax
$350.00
515.00
Personal property
221.22
420.65
Real estate taxes
882.68
1,384.62
State and local gas
380.00
98 Adeline Street
447.36
Respondent allowed petitioners' general sales tax deductions of $264 for the taxable year 1974 and $315.12 for the year 1975. These amounts were calculated using the Optional State Sales Tax Tables for 1974 and 1975. Petitioners did not substantiate their claims for general sales tax deductions greater than indicated by the Connecticut guideline tables and we hold they are to be allowed only those amounts. Welch v. Helvering,supra;Rule 142(a). Respondent conceded that petitioners were entitled to $210 of $221.22 deducted for personal property tax in 1974. Petitioners substantiated only the amount conceded by the respondent and, therefore, we hold they are *203 entitled only to this amount. Respondent disallowed petitioners' deduction for 1975 personal property tax in its entirety. Petitioners produced a 1975 tax bill for one of their cars in the amount of $25.92. However, a notation on the bill shows this payment was not made until June 8, 1978. No other substantiation was offered of personal property tax payments for the year 1975. Accordingly, we sustain respondent on this issue. Respondent disallowed all the real estate taxes deducted by petitioners for the "57 Allendale Drive" property in the taxable years 1974 and 1975. As discussed earlier in this opinion, petitioners were not the record owners of the property after March 8, 1975 when First Bank foreclosed on its mortgage. First Bank assumed responsibility for paying the back taxes owed. At this time, back taxes of $5,212.99 had accrued, and receipts provided show tax payments were made on or about May 30, 1975. [10]
Petitioners have not shown they were entitled to any deduction for real estate taxes in 1974 *204 because they have not shown that payments were made during this year as required by section 164(a). Respondent contends that petitioners are not entitled to a property tax deduction for 1975 because no payment was made by them and no liability was imposed on them after the March 8, 1975 foreclosure. Petitioners' only argument appears to be that Oliver never claimed a deduction for taxes on this property for 1975 and, therefore, that they should be entitled to claim one. As a general rule, taxes are deductible only by the person on whom they are imposed. Section 1.164-1(a), Income Tax Regs. Petitioners did not show they were liable for property tax payments on "57 Allendale Drive" after First Bank's foreclosure, and their assertion that Oliver did not claim a deduction does not necessarily entitle them to one. [11] Petitioners have not shown either that taxes were paid by them or that they were obliged to make these payments, and therefore, we hold that they were not entitled to claim any property tax deduction in 1975. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); *205 Rule 142(a). Petitioners claimed a deduction of $380 under section 164(a)(5) for state and local gasoline taxes paid during 1975. Respondent allowed a deduction of $210, based on an estimated 25,000 miles of travel. Petitioners presented nothing to back up their claim and we, therefore, sustain respondent on this issue. Welch v. Helvering,supra;Rule 142(a). The final tax deduction concerns $447.36 deducted in 1975 on Schedule A for the "98 Adeline Street" property. The respondent allowed this item as a Schedule E expense. Petitioners did not contest this recharacterization, and, therefore, taxes for the property will be allowed as a Schedule E deduction. [12]
*206 Charitable Contribution and Theft Loss - For the taxable year 1975, petitioners claimed a charitable contribution of $445 and a theft loss of $297. Respondent disallowed $345 of the charitable contribution deduction and all of the theft loss deduction, arguing lack of substantiation. Although petitioners on brief claimed they provided a copy of the police report detailing the theft loss which was disregarded, they did not attempt to produce the report as an exhibit for this Court. No other evidence was offered to substantiate their claimed loss. Furthermore, they provided no proof of charitable contributions made by them in 1975. Accordingly, we are unable to find that petitioners are entitled to deductions for these items, other than the $100 allowed as a charitable contribution deduction by respondent. Rule 142(a). Medical Adjustment - Petitioners failed to contest successfully most of respondent's adjustments to their adjusted gross income for 1974. Accordingly, we find that adjustments should be made to reflect the applicable percentage limitation set forth in section 213. Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years at issue, unless otherwise stated.↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. On brief, petitioners stated that respondent was "arbitrary," "capricious," and acted to harass them in determining the deficiencies in this case. We find this contention to be totally unsupported by the evidence. Roberts v. Commissioner,62 T.C. 834, 836-838↩ (1974).
4. On Schedule A forms for 1974 and 1975, the name is listed as "Marlin Arms Credit Union."↩
5. Petitioners made a general statement in their brief that receipts for 1974 interest payments were furnished during audit. They failed to produce these receipts at an early stage in the proceedings despite several discovery requests by respondent and continuance of their trial date to provide them with more time to gather necessary data.↩
6. Exhibit U shows "buyers" and "sellers" expenses for the sale of the "57 Allendale Drive" residence by First New Haven Bank to Oliver.↩
7. Six canceled checks totaling $2,170.20, representing monthly payments to People's Savings Bank by petitioners between April 1975 and December 1975 were introduced into evidence. From its endorsements, it appears that the earliest check was drawn for payment in July 1975. The parties have stipulated, however, that these checks are for the period between April 2, 1975 through December 6, 1975. The amount of each check corresponded with the one loan statement introduced. The statement was from People's Savings Bank and addressed to Oliver at "57 Allendale Drive." A sale agreement dated April 3, 1975, a warranty deed dated May 29, 1975 between First Bank and Oliver, and a mortgage statement between Oliver and People's Savings Bank were also introduced.↩
8. Respondent calculated this amount as the difference between the amount reimbursed to Melvin by his employer for 2,256 miles of business travel ($274.74) and the standard mileage rate of $0.15 per mile for 1974. ↩
9. We, therefore, need not reach the issue of whether the amount claimed was for nondeductible commuting or deductible business expenses.↩
10. The receipts provided for the years at issue show no payments made before May 1975. These receipts do not show clearly from whom payment was received.↩
11. We will not decide here whether Oliver was in fact entitled to claim a property tax deduction. Cf. Kohlsaat v. Commissioner,40 B.T.A. 528↩ (1939) (payments made by another were made within a trustee-like relationship and thus were deductible by taxpayer).
12. Respondent has allowed expenses originally claimed on Schedule A for both interest and tax payments for the "98 Adeline" property as Schedule E expenses. It appears, however, that there may be an error on the statutory notice for 1974 in respondent's computation of allowable additional rental expenses, for which an adjustment, if any, should be made during the Rule 155 computation.↩